UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Samuel Zean, | Case No. 0:17-cv-5117-WMW-KMM |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Comcast Broadband Security, LLC, et al. | |
| Defendants. | |

This matter is before the Court for case management purposes and to address several recent *pro se* filings from the Plaintiff, Samuel Zean.

### *The Temporary Stay*

The stay of these proceedings put in place by the May 23, 2018 Order is no longer in effect. The May 23rd Order stayed proceedings temporarily until the Court ruled on the motion to withdraw filed by David Madgett, who was formerly counsel for the Plaintiff, Samuel Zean. (Order (May 23, 2018) at 2–3, ECF No. 57.) The Court has since granted Mr. Madgett's motion to withdraw (Order (June 14, 2018), ECF No. 74), and as a result this matter is no longer stayed.

### *Plaintiff's Status Update*

On June 26, 2018, Mr. Zean filed a letter addressed to the undersigned and to United States Magistrate Judge Hildy Bowbeer, who is presiding over a separate matter being litigated by Mr. Zean and his wife Eunice Zean: *Zean v. Wells Fargo Bank, N.A.*, 17-cv-3817 (JNE/HB) (the "Wells Fargo action").[1] (Letter from Pl. to Menendez, M.J. (June 26, 2018), ECF No.81.) Mr. Zean indicates that since Mr. Madgett's withdrawal was permitted, he has been attempting to reach a resolution

---

[1] Mr. Madgett also represented Mr. Zean in the Wells Fargo action, but has since been allowed to withdraw in that case as well.

1

with the remaining defendants in this litigation. (June 26th Letter at 1.) He also states that he reached out to several other lawyers attempting to obtain substitute counsel, but none of the attorneys he consulted agreed to represent him in this litigation. (June 26th Letter at 2–3.) Mr. Zean's letter fulfills his obligation in this case to provide an update to the Court about his efforts to obtain substitute counsel. The Court understands that Mr. Zean will be proceeding *pro se* and encourages him to continue his efforts at reaching a resolution to this litigation with the remaining defendants.

### *Plaintiff's Requests for Relief from Order or Judgment*

In his June 26th letter, Mr. Zean also asserts that Mr. Madgett filed "fraudulent documents," refused to return records relating to both cases, unlawfully filed liens for attorney's fees, confiscated settlement funds, and "approved and/or signed settlements orders regarding Equifax in September 2017, regarding Trans Union in December 2017, and regarding Experian in February 2018 by means of misrepresentations and deception." (June 26th Letter at 1–2, 3–4.) Mr. Zean further states: "Because of Mr. Madgett's fraud and misrepresentations to these Courts, both of these Courts have jurisdiction and should exercise their inherent power to vacate or modify the resulting order or judgment." (*Id.* at 4.) Mr. Zean raises these same concerns about Mr. Madgett's conduct in other documents he filed at the same time he filed his June 26th letter. Mr. Zean filed a "Memorandum of Law in Support of Claimants' Motion of Rule 60.02(c)(f) Hearing," and a motion entitled: "Motion and Motion for Rule 60.02(c)(f) Hearing to Vacate or Modify the Court's Prior Resulting Orders Approving and Permitting Madgett Law LLC to Settle Claimants' Settlements with Experian, Equifax, and Trans Union and the Validity of Respondents' Liens Upon Claimants." (Pl.'s Mem., ECF No. 75; Pl.'s Mot., ECF No. 83). The motion and memorandum have also been filed in the Zeans' case against Wells Fargo.

The Court cannot grant the Zeans any relief based on these filings. First, in this case, the remaining defendants are Comcast Broadband Security, LLC, and Southwest Credit Systems, L.P. The Zeans' motion and memorandum bear the Court's official file number for both cases, but they are improperly captioned to reflect a dispute

between Plaintiffs Samuel Zean and Eunice Zean and Defendants David Madgett and Madgett Law, LLC. The memorandum also includes a "Prayer for Relief," in which the Zeans seek declaratory relief against Mr. Madgett and his law firm, statutory damages, actual damages, and damages relating to Mr. Madgett's alleged retention of certain documents. (Pl.'s Mem. at 29.) It appears that the Zeans have a misunderstanding about the scope of the claims in the currently pending lawsuit and the appropriate forum in which to raise financial disputes with their former attorney. David Madgett and Madgett Law, LLC, are not parties to this action. Mr. Zean has no claims against Mr. Madgett or his law firm in this case. Mr. Zean has not attempted to amend his complaint to add any such claims, and it is doubtful that the Court would grant him permission to do so in this case because his dispute with Mr. Madgett is quite distinct from his dispute with Comcast and Southwest Credit. This lawsuit is not the appropriate vehicle to litigate a contract dispute, a legal malpractice claim, or even an ethics complaint against Mr. Madgett or his law firm. To raise whatever legal claims the Zeans may have against Mr. Madgett or his law firm, they will need to start a separate case in an appropriate forum.

Second, the Zeans state that they filed a lawsuit against Mr. Madgett and his law firm in state court, but it appears they want the Court's assistance in adding a claim for legal malpractice or professional negligence in that proceeding. They indicate that to bring an action for "legal malpractice . . . in Minnesota Courts [they] may need an attorney to sign an affidavit attesting or affirming that Mr. Madgett's conducts were legal malpractice and/or negligence, unless of course, a judge grants an exception." (Pl.'s Mem. at 3.) Accordingly, the Zeans ask the Court to "issue an order in granting us the exception to represent ourselves to include and file legal malpractice and negligen[ce] claims in our current lawsuit against Mr. Madgett[.]" (*Id.*) The Zeans appear to be referencing Minn. Stat. § 544.42, which requires, in part, a party's attorney in a legal malpractice or negligence case, to make a certification that an expert has reviewed the facts of the case and has the opinion that the defendant deviated from the applicable standard of care, thereby causing the plaintiff's injuries. *Id.* § 544.42, subd. 3(a)(1). However, "[t]he certification of expert review required under

this section may be waived or modified if the court where the matter will be venued determines, upon an application served with the commencement of the action, that good cause exists for not requiring the certification." *Id.* § 544.42, subd. 3(c). To the extent the Zeans are asking this Court to make a ruling waiving or modifying the certification requirement that applies in a pending state court case, the Court is unable to do so. This Court is not the appropriate forum for the Zeans to raise such a request, which should be directed at the state court that will preside over the Zeans' dispute with Mr. Madgett and his law firm. If the Zeans are asking this Court to offer an expert opinion that Mr. Madgett's conduct deviated from the applicable standard of care, the Court declines to do so.

Third, with respect to the settlements and orders of dismissal that have been entered in the Zeans' pending federal litigation, it is unclear from the pleadings precisely what relief they are seeking. The District Court entered an Order in this case dismissing all claims against Trans Union with prejudice based on the parties' stipulation. (Order (Feb. 22, 2018), ECF No. 53; Stipulation, ECF No. 52.) In the Wells Fargo action, the District Court entered an Order dismissing the Zeans' claims against Trans Union with prejudice on February 22, 2018. (Case No. 17-cv-3817, ECF No. 60.) The District Court entered another Order in the Wells Fargo action on May 1, 2018, dismissing with prejudice the Zeans' claims against Experian Information Solutions, Inc., and Equifax Information Services, LLC. (Case No. 17-cv-3817, ECF No. 71.) The Zeans have cited a state rule of civil procedure governing relief from a final judgment or order, so their motion and memorandum could be construed as a request, under Federal Rule of Civil Procedure 60(b), to have the dismissal orders regarding Trans Union, Experian, and Equifax vacated or modified.[2] In their motion,

---

[2] The Zeans cite Minnesota Rule of Civil Procedure 60.02, which governs the situations in which a court in the State of Minnesota will relieve a party from a final judgment, order, or proceeding. (Pl.'s Mot. at 1.) This rule is similar to Federal Rule of Civil Procedure 60(b). Because the Zeans are representing themselves, the Court reads their submissions liberally. However, they are advised that in the future they should refer to the Federal Rules of Civil Procedure and the Local Rules for the District of

4

the Zeans ask the court to vacate or modify "the resulting order the Court previously allowed and approved regarding [the Zeans'] settlements [that] Mr. Madgett and Madgett Law LLC were allowed to settle with" those defendants.[3] (Pl.'s Mot. at 2 ¶ 2.) It is difficult to imagine how the Court could grant that relief in a manner that would not nullify the settlements that were entered with Trans Union, Equifax, and Experian in these cases. Yet at the same time, the Zeans appear to contemplate that their settlement agreements should remain in place, the dismissal orders should be undisturbed, and the Court should take action only as to Mr. Madgett's conduct. Indeed, the Zeans ask that Mr. Madgett and his law firm be required to remit to the Zeans the full amount of the settlement funds that Trans Union, Experian, and Equifax paid. (Pl.'s Mem. at 21–22 ("We are entitled to recover 100% of our settlement funds from Madgett Law LLC and Mr. Madgett because he intentionally misled us about being in a contracted relationship with us by binding representation agreements when he wasn't.").)

Because it is unclear what relief the Zeans are requesting in their motion and memorandum, the motion is denied without prejudice. If the Zeans are seeking to vacate the Orders from both cases dismissing their claims against Trans Union, Equifax, and Experian, they may file a motion that clearly states that is what they want the Court to do. They must also ensure that counsel for Trans Union, Equifax, and Experian are served with any motion seeking that relief. As defendants who believe they have fully resolved the claims the Zeans alleged against them, Trans Union,

---

Minnesota in this litigation because the Minnesota Rules of Civil Procedure generally do not govern actions in federal court.

[3] Although the Zeans' submissions seem to suggest that the Court approved of the settlements, in this case the Court was not involved with the resolution of the dispute between the Zeans and Trans Union. The Court's dismissal order in this case followed the filing of a stipulation of dismissal, and any details about the settlement reached with Trans Union only surfaced when the Zeans' dispute with Mr. Madgett over distribution of the settlement funds was raised in connection with Mr. Madgett's motion to withdraw. It appears that the Zeans' dispute with Experian, Equifax, and Trans Union in the Wells Fargo action were also resolved without any court involvement in settlement negotiations.

5

Equifax, and Experian have a right to be heard if the Zeans seek to vacate or modify those dismissal orders.

If instead the Zeans are asking the Court to require Mr. Madgett to disburse settlement funds to them and remove liens he and his law firm have placed on their property, such claims are not properly part of this litigation. As explained above, if the Zeans believe Mr. Madgett or his firm owe them money based on breach of a contract, legal malpractice, or misrepresentations, those claims will need to be litigated in a different proceeding.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. This action is no longer stayed.

2. Mr. Zean, Comcast Broadband Security, LLC, and Southwest Credit Systems, L.P., are encouraged to continue any efforts to resolve what is left of this case without the need for further intervention by the Court.

3. Mr. Zean's Motion and Motion for Rule 60.02(c)(f) Hearing to Vacate or Modify the Court's Prior Resulting Orders Approving and Permitting Madgett Law LLC to Settle Claimants' Settlements with Experian, Equifax, and Trans Union and the Validity of Respondents' Liens Upon Claimants **(ECF No. 83)** is **DENIED WITHOUT PREJUDICE**.

Date: July 9, 2018

                                               *s/Katherine Menendez*
                                               Katherine Menendez
                                               United States Magistrate Judge