## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Gaygbou Zean, | Case No. 17-cv-5117-WMW-KMM |
| Plaintiff, | |
| v. | |
| Comcast Broadband Security, LLC d/b/a Comcast d/b/a Xfinity; and Southwest Credit Systems, L.P.; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Samuel Gaygboue Zean commenced this action in late 2017, alleging that the defendants[1] violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Telephone Consumer Protection Act ("TCPA"), as well as tort claims for invasion of privacy and defamation. [Am. Compl., ECF No. 23.] Mr. Zean alleged that Comcast wrongfully billed him for over $120 in erroneous charges, terminated his internet service, and then referred the erroneous debt to Southwest Credit for collections. He received numerous debt-collection phone calls on his cellular phone despite instructing Comcast and Southwest Credit to cease contacting him. He claimed that the calls were placed using an unlawful automated telephone dialing system. Comcast also placed a notice regarding the delinquency of Mr. Zean's account on the door of his home. The defendants allegedly reported the delinquent Comcast account to Trans Union, causing negative effects for Mr. Zean's credit rating. [*Id.*, *passim.*] The defendants separately moved to compel arbitration and stay this action. [ECF Nos. 18, 27, 30.] On August 1, 2018, the District Court granted the defendants' motions, concluding that Mr. Zean is contractually obligated to arbitrate his dispute with Comcast and Southwest Credit. *Zean v. Comcast Broadband Sec., LLC*, 322 F. Supp. 3d 913 (D. Minn. 2018).

Mr. Zean filed a demand with the American Arbitration Association in September 2018. "Following briefing by all parties, the arbitrator entered an award on June 6, 2019, denying [his] claims in their entirety and determining that [Comcast and Southwest Credit] are entitled to

---

[1]     In this Report and Recommendation, the Court refers to the defendants collectively as "the defendants," to Comcast Broadband Security, LLC, as "Comcast," and to Southwest Credit Systems, LP, as "Southwest Credit." A third defendant, TransUnion LLC, was dismissed from the action on February 22, 2018.

dismissal of the claims and judgment in their favor." [Letter from K. Vehrs to Wright, J. (June 19, 2019), ECF No. 98.] This matter is now before the Court on Mr. Zean's motions to vacate that arbitration award, which were filed on July 6th and 7th. [ECF Nos. 99, 100.] For the reasons that follow, the Court recommends that Mr. Zean's motions be denied.

## I.      The Arbitrator's Decision

The arbitrator issued an unfavorable decision for Mr. Zean. [Award of Arbitrator ("Award") at 1, ECF No. 106-4.] The arbitrator found against Mr. Zean on his FDCPA, TCPA, and FCRA claims. [Award at 6–11.] And the Award rejected Mr. Zean's tort claims for invasion of privacy and defamation. [Award at 14–17.]

However, the arbitrator found that Mr. Zean showed that Comcast breached its contract and that he did not owe Comcast the $128.14 that was charged to his account. [Award at 11.] This did not result in a remedy. The arbitrator explained that "[n]ot every breach … entitles a plaintiff to an award of damages, or to the kind of damages sought. That is the case in this instance." [Award at 11.] The arbitrator noted that the Comcast Subscriber Agreement limited Comcast's liability as follows:

> Comcast shall not "UNDER ANY CIRCUMSTANCES OR UNDER ANY LEGAL THEORY (INCLUDING BUT NOT LIMITED TO, TRESPASS, CONVERSION, TORT OR CONTRACT) HAVE ANY LIABILITY" to Claimant for
>
> > (1) ANY DIRECT, INDIRECT, INCIDENTAL, SPECIAL, TREBLE, PUNITIVE, EXEMPLARY OR CONSEQUENTIAL LOSSES OR DAMAGE (INCLUDING BUT NOT LIMITED TO, LOSS OF PROFITS, LOSS OF EARNINGS, LOSS OF BUSINESS OPPORTUNITIES, PERSONAL INJURIES OR DEATH) THAT RESULT DIRECTLY OR INDIRECTLY FROM OR IN CONNECTION WITH (a) YOUR RELIANCE OR USE OF THE XFINITY EQUIPMENT OR THE SERVICE(S); (b) THE INSTALLATION, SELF-INSTALLATION, MAINTENANCE, FAILURE, OR REMOVAL OF THE SERVICES.

[Award at 4–5.] Mr. Zean claimed Comcast's breach of contract cost him a job opportunity and lost income because he was unable to use the internet services he contracted to receive to complete online training for a position he was pursuing. The arbitrator found that the excerpted limitation-of-damages provision was "valid under Minnesota law, and that the damages [Mr. Zean] seeks for breach of contract are excluded by the provision." [Award at 12.] The arbitrator also found that other damages Mr. Zean identified in his written submissions, including

emotional harm and out-of-pocket expenses, were explicitly excluded by the terms of the contract. [Award at 12–13.]

In addition to determining that the limitations provision was "dispositive of the breach of contract claim" because Mr. Zean could not recover any of the damages he sought, the arbitrator concluded that "the evidence is insufficient to prove that Comcast's termination of [Mr. Zean's] internet service was the proximate cause of [his] lost job opportunity." [Award at 13.] The arbitrator determined that Mr. Zean did not demonstrate that he had "no other reasonable means of accessing internet service to complete the [job] training," which he claimed prevented him from receiving an offer of employment and wages. [Award at 13.]

## II.    Legal Standard

Courts have consistently observed that "[t]he Federal Arbitration Act 'is a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *Great Am. Ins. Co. v. Russell*, 914 F.3d 1147, 1150 (8th Cir. 2019) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). In light of that policy, the "court's review of an arbitration award is 'very limited.'" *Id.* (quoting *Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC*, 319 F.3d 1060, 1064 (8th Cir. 2003)).

Pursuant to FAA, a court may vacate an arbitration award under four circumstances:

(1)  where the award was procured by corruption, fraud, or undue means;

(2)  where there was evident partiality or corruption in the arbitrators, or either of them;

(3)  where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)  where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). These are "the *exclusive* bases for vacating an arbitration award." *Paisley Park Enters. v. Boxill*, 371 F. Supp. 3d 578, 581 (D. Minn. 2019) (emphasis in original).

Federal courts do not have the power "to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misrepresentation of

the underlying contract." *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010) "'[S]o long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the award should be confirmed." *Beumer Corp. v. ProEnergy Servs., LLC*, 899 F.3d 564, 565–66 (8th Cir. 2018) (quoting *Medicine Shoppe*, 614 F.3d at 488).

## III.    Discussion

In support of his motions to vacate the arbitrator's award in favor of Comcast and Southwest Credit, Mr. Zean has submitted a voluminous record and written argument.[2] The Court has reviewed those submissions carefully and concludes, based on the entire record, that Mr. Zean has not demonstrated a valid basis for vacating the arbitrator's award. Therefore, his motions should be denied.

### A.  Breach of Contract

Mr. Zean argues that the arbitrator erred in determining that the limitation-of-damages provision in the Subscriber Agreement prevented him from recovering any damages for Comcast's conceded breach of contract. He asserts that the limitations provision is unconscionable and argues that the arbitrator's reliance on it was "excessively erroneous." [Pl.'s Obj. at 6–14; Pl.'s Mem. at 6–16; Pl.'s Am. Obj. at 6–16.] In his Reply brief, Mr. Zean clarifies that he believes the Award should be vacated because the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made, pursuant to 9 U.S.C. § 10(a)(4). [Pl.'s Reply at 2.]

"A party [arguing that the arbitrator exceeded his authority] bears a heavy burden." *Entergy Operations, Inc. v. United Gov't Sec. Officers of Am. Int'l Union*, 856 F.3d 561, 566 (8th Cir. 2017) (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)). The Court must

---

[2]    Pl.'s Obj., Opp'n and Request to Vacate the Arbitrator's Final Award ("Pl.'s Obj."), ECF No. 99; Pl.'s Mot. to Vacate the Arbitrator's Final Award ("Pl.'s Mot."), ECF No. 100; Pl.'s Mem. in Support of Mot. to Vacate the Arbitrator's Final Award ("Pl.'s Mem."), ECF Nos. 100-1 & 103 (duplicate); Pl.'s Am. Obj., Opp'n to the Arbitrator's Final Award ("Pl.'s Am. Obj."), ECF No. 100-2 and ECF No. 102; Aff. of Samuel Zean ("Zean Aff."), ECF No. 106; Exhibits 1–4 & A–Y, ECF Nos. 106-1, 106-2, 106-3, 106-4, 106-5, 106-6, 106-7; Second Aff. of Samuel Zean ("Second Zean Aff."), ECF No. 107; Exhibits Q–Y, ECF No. 107-1; Suppl. Aff. of Samuel Zean ("Suppl. Zean Aff."), ECF No. 109; Exhibits 1A, 1B, R1, R7, R8, R9, 2A, SCS Ex. A–I, ECF Nos. 109-1, 109-2, 109-3, 109-4, 109-5, 109-6, 109-7, 109-8, 109-9, 109-10, 109-11, 109-12, 109-13, 109-14, 109-15; Pl.'s Reply Br., ECF No. 113.

uphold the Award if the arbitrator "even arguably interpreted and applied the [Subscriber Agreement]…." *Id.* However, "the arbitrator cannot ignore or amend the parties' agreement" by imposing his or her own sense of justice upon the parties' relationship. *Id.*

Mr. Zean has failed to meet the heavy burden of showing that the arbitrator exceeded his authority. The arbitrator plainly interpreted and applied the Subscriber Agreement between Comcast and Mr. Zean. The contract included language expressly limiting Comcast's liability and excluding the forms of damages Mr. Zean requested. Indeed, the limitations provision specifically refers to consequential damages, such as lost earnings and business opportunities, as categories of damages for which Comcast cannot be liable. Nothing in the record indicates that the arbitrator ignored or amended the parties' agreement or that the award reflected the arbitrator's "own notions of economic justice rather than drawing its essence from the contract." *Entergy*, 856 F.3d at 567 (alterations and quotation marks omitted). Under these circumstances, the Award should be confirmed and Mr. Zean's motion to vacate it should be denied.

Mr. Zean contends that the arbitrator disregarded Minnesota law suggesting that the damages limitations provision in the contract was unconscionable. [Pl.'s Reply at 5–6.] This argument is unpersuasive for two reasons. First, and most importantly, even if the arbitrator made "an error of law" in applying the limitation-of-damages provision, this is not a valid basis on which to vacate the arbitration award. *Beumer*, 899 F.3d at 565–67 (rejecting a party's argument that an arbitrator exceeded his authority when he concluded that a limitation-of-liability provision in the parties' contract capping damages did not prevent a larger recovery of attorney's fees); *Paisley Park*, 371 F. Supp. 3d at 582 ("Even if an arbitrator makes an error of law or fact, the error does not constitute an arbitrator exceeding her powers.").[3] Essentially, by entering the contract and agreeing to have disputes decided by an arbitrator, Mr. Zean and Comcast bargained for the possibility that the arbitrator could make mistakes. The federal district courts are not permitted under the FAA to correct legal errors.

Second, the arbitrator's application of the limitation-of-damages provision was not the only reason that Mr. Zean's breach-of-contract claim failed to result in any damages award. The

---

[3]     Mr. Zean refers to the arbitrator's alleged "manifest disregard of the law" when arguing that the arbitration award should be vacated. [Pl.'s Reply at 4–5.] However, the Eighth Circuit has found that the Supreme Court's decision in *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008), eliminated the judicially created "manifest disregard" basis for vacating an arbitration award. *Paisley Park*, 371 F. Supp. 3d at 582 (citing *Beumer*, 899 F.3d at 566)). The arbitrator's alleged manifest disregard of Minnesota law is not a basis on which to vacate the award.

arbitrator's conclusion that "the evidence is insufficient to prove that Comcast's termination of Claimant's internet service was the proximate cause of Claimant's lost job opportunity" also proved fatal to his claim. [Award at 13.] Reasonably construed, Mr. Zean's claim that the arbitrator's decision was "excessively erroneous" demonstrates only that he wants this Court to review the evidence and vacate the award because he believes we should issue a different decision on the merits of this causation argument. This is not a valid basis to vacate an arbitration award. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013) ("[C]onvincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was arguably construing the contract—which this one was—a court may not correct his mistakes under § 10(a)(4).") (quotation marks omitted); *Stark v. Sandberg, Phoenix & von Gontard*, 381 F.3d 793, 802 (8th Cir. 2004) (a court's "disagreement with an arbitrator's interpretation of the law or determination of the facts is an insufficient basis for setting aside his award").

Because the arbitrator did not exceed his powers in this case, the Award should not be vacated pursuant to 9 U.S.C. § 10(a)(4).

### B. Partiality

Mr. Zean argues that the Award should be vacated pursuant to 9 U.S.C. § 10(a)(2) because the arbitrator had a past association with Southwest Credit's attorney. [*See* Pl.'s Obj. at 14–15; Pl.'s Mem. at 16; Pl.'s Am. Obj. at 16.] The arbitrator completed a "General Arbitrator Oath Form" for the AAA, which required the disclosure of "any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind." [Oath Form at 1, ECF No. 111-2.] Question 3 on the Oath Form asked the arbitrator: "Have you had any professional or social relationship with counsel for any party in this proceeding or the firms for which they work?" [*Id.*] The arbitrator answered "YES" and provided the following explanation

> Comments: I am an acquaintance of Michael Klutho, a Bassford Remele lawyer who is identified as affiliated with Respondent. I don't believe, however, that I have seen Mr. Klutho in several years. Many years ago (more than 10), we represented co-defendants in litigation. I have no reason to believe these facts would disqualify me from serving in this matter.

[*Id.*]

"[A] party seeking to vacate on [grounds of an arbitrator's evident partiality] has 'a high burden of demonstrating objective facts inconsistent with impartiality.'" *Brown v. Brown-Thill*, 762 F.3d 814, 820 (8th Cir. 2014) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Trust*, 729 F.3d 99, 105 (2d Cir. 2013)). The facts must show "such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives." *Ploetz for Laudine L. Ploetz, 1985 Tr. v. Morgan Stanley Smith Barney LLC*, 894 F.3d 894, 898 (8th Cir. 2018) (quotation marks omitted). "This standard is not made out by the mere appearance of bias." *Williams v. National Football League*, 582 F.3d 863, 885 (8th Cir. 2009) (quotation marks omitted). The Court concludes that Mr. Zean has not shown the Award should be vacated under 9 U.S.C. § 10(a)(2).

Mr. Zean has failed to show objective facts inconsistent with impartiality. Instead, he simply asserts that the arbitrator "was greatly influenced by his past association with his former colleague," which is apparently illustrated by the decision being "clearly contrary to the evidence." [Pl.'s Mem. at 16.] But the record reveals no evident partiality on the part of the arbitrator. The arbitrator disclosed a years-old professional acquaintance with Southwest Credit's counsel. That disclosure indicated that more than a decade before his appointment to arbitrate this dispute, the arbitrator and Southwest Credit's attorney represented co-defendants in an unrelated matter. These facts alone do not indicate a degree of partiality that would allow a reasonable person to assume that the arbitrator had improper motives. *See Montez v. Prudential Secs., Inc.*, 260 F.3d 980, 984 (8th Cir. 2001) (concluding that "evident partiality" could not be found where there was no evidence that the arbitrator had a financial interest in the defendant, the firm representing the defendant, or a corporation that did prior business with that firm; the arbitrator's relationship with the defendant's counsel's firm ended five years before the arbitration, and there were no ex parte contacts regarding the pending case).

Mr. Zean's motions to vacate the arbitration award based on evident partiality of the arbitrator under § 10(a)(2) should be denied.

### C.  Statutory Claims

With respect to his claims under the FDCPA, FCRA, and TCPA, Mr. Zean did not make any detailed argument for vacating the Award in his opening submissions, indicating instead that he was incorporating all of his arguments made in the arbitration. [*See, e.g.,* Pl.'s Obj. at 13–14.] In his Reply, he presented a more detailed description of the bases on which he disagrees with the arbitrator's conclusions regarding his TCPA claim. Specifically, he takes issue with the arbitrator's conclusion that he failed to prove the defendants contacted his cell phone using an unlawful automated telephone dialing system ("ATDS"). [Pl.'s Reply at 2–4.]

With respect to the defendants' alleged use of the ATDS, the arbitrator received extensive arguments from both sides. He reviewed the information provided by Mr. Zean about the characteristics of the calls he received. And the arbitrator found Mr. Zean's testimony was credible. However, he also considered the contrary evidence presented by Comcast and Southwest Credit and reasoned that Mr. Zean's evidence failed to establish it was more likely than not that the defendants used an ATDS. [Award at 7–8.] The Court finds that Mr. Zean has not shown any basis for disturbing the arbitrator's well-reasoned and detailed analysis. Mr. Zean's arguments regarding the TCPA claim and his other statutory claims present nothing more than a disagreement with the arbitrator's findings and conclusions. Federal courts cannot vacate arbitration awards for such reasons. *Stark v. Sandberg, Phoenix & von Gontard*, 381 F.3d 793, 802 (8th Cir. 2004) (a court's "disagreement with an arbitrator's … determination of the facts is an insufficient basis for setting aside his award").

## IV.    Recommendation

For the reasons **above**, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Zean's motions to vacate the arbitration award **[ECF Nos. 99, 100]** should be **DENIED**;

2. The arbitration award should be **AFFIRMED**; and

3. This action should be **DISMISSED WITH PREJUDICE**.


Date: September 20, 2019                         *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and

Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.