UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Samuel Gaygbou Zean, | Case No. 17-cv-5117 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION**<br>**AS MODIFIED** |
| Comcast Broadband Security, LLC, and<br>Southwest Credit Systems, L.P., | |
| Defendants. | |

---

This matter is before the Court on the September 20, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 115.) The R&R recommends denying Plaintiff Samuel Gaygbou Zean's motions to vacate an arbitration award issued in this matter on June 6, 2019. Zean filed timely objections, but he fails to set forth a specific objection to any aspect of the R&R. He maintains generally that "it is a waste of my pre[cious] time to repeatedly point to the facts and evidence in this matter. I refused to play that game this time. . . . Accordingly, I walk away the winner in this matter."

Because Zean does not specifically object to any aspect of the R&R, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed."

*Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010) (internal quotation marks omitted). The Court has carefully reviewed the R&R and finds no clear error as to the R&R's finding that Zean fails to present a valid basis for vacating the arbitration award. The Court denies Zean's motions to vacate.

The R&R also recommends affirming the arbitration award and dismissing this action. Because no party has moved the Court for any such relief,[1] however, the Court declines to adopt these aspects of the R&R. *See PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253 (8th Cir. 1998) (holding that "the [Federal Arbitration Act] provides that a party to an arbitration may apply to the court for confirmation of an arbitration award only 'if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration' " (quoting 9 U.S.C. § 9)). Accordingly, the Court adopts the R&R as modified herein.

**ORDER**

Based on the R&R and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Samuel Gaygbou Zean's objections to the September 20, 2019 R&R, (Dkt. 116), are **OVERRULED**.

2. The September 20, 2019 R&R, (Dkt. 115), is **ADOPTED AS MODIFIED** herein.

---

[1] In its June 19, 2019 "Status Report" letter, Defendant Comcast Broadband Security, LLC, "requests that the Court dismiss this stayed action." But no formal motion has been filed seeking, or providing legal authority for, such relief.

3. Plaintiff Samuel Gaygbou Zean's motions to vacate the arbitration award, (Dkts. 99, 100), are **DENIED**.

Dated: December 17, 2019
                                                s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge